## Green, Appellant, v. Catholic Social Services.

Submitted March 23, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

Before BROWN, J.

*David Rudovsky,* and *Kairys & Rudovsky,* for appellant.

*Thomas B. Harper, III,* and *Stradley, Ronon, Stevens & Young,* for appellees.

OPINION BY WATKINS, J., June 14, 1973:

This is an appeal from the order of the Court of Common Pleas, Family Division, of Philadelphia, dismissing the Writ of Habeas Corpus brought by the appellant, Catherine Green, seeking the custody of Rhonda Jo Johnson, a minor.

Catherine Green, a white, single girl, had been given custody on a foster-parent basis of Rhonda Jo Johnson, a black girl, age 6 years, by the Catholic Children's Bureau, Inc., the agency to which parental rights had been relinquished by the natural parents under the Adoption Act of July 24, 1970, P. L. 620. Custody was given on December 5, 1970 and on July 9, 1971 a Report of Intention to Adopt the child was filed by the appellant with the approval of the appellee. The appellant had custody of the minor child until March 27, 1972

when the Catholic Children's Bureau, Inc., reclaimed the child. At the hearings before the court below, it was demonstrated that there was a feeling of love between the minor child and Miss Green and that the appellant within her limitations had attempted to provide for the minor child.

The Catholic Children's Bureau, Inc., after extensive investigation and attempts to correct the shortcomings of Miss Green reluctantly decided that continued custody of the child by Miss Green was not in the best interest of the child. The Social Worker of the Catholic Children's Bureau, Inc., testified that the home of the appellant was filthy, strong with the odors of animal urine and that there were three cats and two dogs, not house broken, kept by the appellant and that the house was infested with fleas and roaches not only on one occasion but every time a visit was made to the appellant's home.

The child was attending a Day Care Center operated by the City of Philadelphia. The record of Rhonda Jo Johnson at school was introduced and parts of that record were read into evidence by Miriam F. Medmick. This record indicated Miss Green's inability to properly discipline the child and indicates a certain lack of maturity on her part in her relationship with the child. The record also indicates that there was an instability in Miss Green's work habits. She did clerical work but had no permanent position but was in and out of employment so that she experienced financial difficulties during the period of time she had custody of the child. The racial difference of the parties involved cannot alone be considered as a basis upon which the Court can rely to reclaim the child. *Commonwealth ex rel. Lucas v. Kreischer*, 450 Pa. 352, 299 A. 2d 243 (1973). However, the record in the instant case indicates that Miss Green did consider Rhonda Jo Johnson different and of a lower moral fibre because she was black.

Though the references in the record to the foregoing are contained in a short excerpt from the testimony of one witness for the appellee, Patricia Caldwell, a friend of Miss Green's, which certainly adds weight to the contention of the Catholic Children's Bureau, Inc., that Miss Green was not the one for such a mixed relationship.

In *Commonwealth ex rel. Ruczynski v. Powers*, 421 Pa. 2, 219 A. 2d 460 (1966), the late Mr. Justice MUSMANNO said at page 5: "In determining the custody of a child of tender years, there is only one polestar, one compass, one standard of reasoning to follow, and that is the best interest of the child. Inevitable as may be the love of a natural mother for her child, certain as may be her resolve to care for the child, unquestioned as may be her devotion to the child, all these poetic but intangible concepts cannot serve as food for the child, shelter for the child, moral guidance for the child. If love for a child is a slice of bread, the parents must prove their devotion by spreading it with the butter of objective solicitude." Mr. Justice MUSMANNO further said at page 7: "The trial court had an excellent opportunity to observe all the parties in this litigation. As was said in Commonwealth ex rel. Shroad v. Smith, 180 Pa. Superior Ct. 445, 'An experienced trial judge, while conducting a hearing which involves the custody of children, is observing every act of the parties, not only to appraise the truth of their testimony, but also to evaluate their fitness to have custody of the children.' "

The decision of the Catholic Children's Bureau, Inc., was made after much discussion and investigation by apparently qualified social workers and the lower court reached the ultimate decision based on the testimony supplied by capable witnesses of various backgrounds and social standings.

Order of the court below is affirmed.

SPAULDING, J., concurs in the result.